UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**NANYA AKUFU EL on behalf of**
**d/b/a NANYA AKUFU EL©™**                                          **PLAINTIFF**

**vs.**                                          **CIVIL ACTION NO. 3:22-CV-319-CRS**

**STOLL KEENON OGDEN PLLC, et al.**                              **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court upon the motion of the defendants, Stoll Keenon Ogden PLLC (SKO), Christopher E. Schaefer, and Chadler M. Hardin, to dismiss the complaint filed by the plaintiff[1] Nanya Akufu El on behalf of d/b/a Nanya Akufu El©™, *pro se*. DN 3. Also before the Court is Plaintiff's motion for default judgment. DN 4. Defendants responded to that motion and replied to the motion to dismiss. DNs 5, 6. Plaintiff did not respond to the motion to dismiss within the timeframe required under Local Rule 7.1(c). The matter is now ripe for adjudication.

For the following reasons, the Court will grant Defendants' motion and deny Plaintiff's motion.

**I. BACKGROUND**

On April 20, 2022, Tyrone Stewart d/b/a Nanya Akufu El, *pro se*, filed a complaint against INOAC Group North America, LLC (INOAC). DN 3-2. Defendants, as counsel for INOAC, filed a motion to dismiss. DN 1-3. On May 11, 2022, Plaintiff received an envelope containing INOAC's motion to dismiss. DN 1, at PageID # 3. Plaintiff filed the instant action for federal

_____

[1] The complainant refers to himself as "Secured Party" (*see, e.g.,* DN 1, at PageID # 1) and seems to object to being referenced as "Plaintiff." *See* DN 1-3, at PageID # 16; *but see* DN 4, at PageID # 101 ("THEREFORE, the Plaintiff . . ."). However, by virtue of bringing this action the self-styled "Secured Party" is a plaintiff. *Plaintiff*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("The party who brings a civil suit in a court of law.").

trademark infringement on June 15, 2022.  *Id.* at 5.  Plaintiff alleges that the envelope and the document within contained seventeen "infringing and unauthorized printed derivatives and variations copies of my trade-name." *Id.* at 4.  Plaintiff also asserted a claim for common law trademark infringement and alleged that the defendants' unauthorized use of the tradename created contractual obligations.  *Id.* at 5–6.[2]

Defendants filed a motion to dismiss, arguing that the action should be dismissed for failure to state a claim, failure to provide a short and plain statement of a claim for relief, and insufficient service of process.  DN 3-1.  Plaintiff did not respond,[3] but has filed a motion for default judgment. DN 4.

## II.  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff alleges that the defendants failed to file a written answer or otherwise make an appearance, and that he is entitled to default judgment pursuant to Rule 55(b)(2) of the of Federal Rules of Civil Procedure.  DNs 4, 4-1.  Under Rule 12, a defendant may respond to a complaint by motion or answer within twenty-one days after being served.  FED. R. CIV. P. 12(a)(1)(A)(i), 12(a)(4).  Defendant SKO was purportedly served on June 16, 2022.  DN 4-3.  The motion to dismiss filed on July 6, 2022, was timely.  Therefore, the defendants are not in default, and the motion for default judgment will be denied.

## III.  DEFENDANTS' MOTION TO DISMISS

Defendants moved to dismiss the complaint for insufficient service of process under Rule 12(b)(5), failure to state a claim upon which relief can be granted under Rule 12(b)(6), and failure

---

[2] Plaintiff alleges Defendants' "infringement and unauthorized use of my trade name NANYA AKUFU EL©™ consents and agrees to be contractually bound," and further alleges that the "[u]ser's pledges its'/their collateral by user, as set forth in the Self -Executing Contract/Security Agreement in Event of Unauthorized Use."  DN 1, at PageID # 5; *see* DN 1-4, at PageID # 30–31.
[3] "Failure to timely respond to a motion may be grounds for granting the motion."  LR 7.1(c).

to provide a short and plain statement of a claim for relief under Rule 8(2). Defendants have also asked the Court to adopt as federal common law the litigation privilege found in Kentucky law. DN 3-1, at PageID # 51–53. As there are alternative grounds for dismissal, the Court declines to adopt novel federal common law.

### A. Insufficient Service of Process

A defendant may move to dismiss an action when service of process is insufficient. FED. R. CIV. P. 12(b)(5). In considering a Rule 12(b)(5) motion, "this Court must accept as true all well pleaded allegations of the complaint, although reference to the record is permissible to determine the alleged insufficiency of service of process." *Thompson v. Kerr*, 555 F. Supp. 1090, 1093 (S.D. Ohio 1982) (citations omitted).

Rule 4 permits several methods of service, including following the law governing service of the state where the district court is located. FED. R. CIV P. 4(e). Kentucky law provides that a defendant may be served by registered or certified mail, return receipt requested. KY. R. CIV. P. 4.01(1)(b), 4.04(2). Service upon a partnership or unincorporated association may be made by serving a partner, officer, managing agent, or an agent authorized by appointment or by law to receive service on its behalf. KY. R. CIV. P. 4.04(4). "Under Kentucky law, delivery by certified mail is accomplished only if the defendant, or his agent, personally signs for the letter when it arrives." *Soares v. Boyd*, No. CV 7:17-150-KKC, 2019 WL 1119353, at *2 (E.D. Ky. Mar. 11, 2019). Serving an employee is not sufficient. *Oyekunle v. Morgan & Pottinger, P.S.C.*, No. 3:14-CV-401-TBR, 2014 WL 6977819, at *2 (W.D. Ky. Dec. 9, 2014).

Defendants contend that SKO was not properly served because the attempted service via certified mail was not directed to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1)(B).

3

The record reflects that Plaintiff addressed the certified mail to SKO the entity, with no direction to any particular agent or officer.  DN 3-5.  There is no evidence in the record that defendants Christopher E. Shaefer and Chadler M. Hardin were ever served.

While Plaintiff's motion for default judgment was not a response to the motion to dismiss, Plaintiff filed an affidavit in the record which the Court could construe as a response to the insufficient service of process argument as to defendant SKO.  DN 4-1; *see Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (holding that a "pro se document is to be liberally construed.").  The affidavit asserts that "said summons and complaint was received by an authorized person of the said juristic person(s) STOLL KEENON OGDEN PLLC named only as 'J. Johnson.'"  DN 4-1, at PageID # 107.  Plaintiff fails to refute SKO's argument that this was not an agent authorized to receive service of process for SKO.  Certified mail service on an employee is not effective service under Kentucky law.  Because the service of process was insufficient as to all defendants, the motion to dismiss will be granted on that ground.

### B.  Failure to State a Claim

#### 1.  Standard of Review

To survive a Rule 12(b)(6) "motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. (2007)).  Under Rule 8 a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked

4

assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted).

In undertaking this inquiry, the Court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The Court must construe a *pro se* complaint more liberally:

> [A] pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'

*Estelle*, 429 U.S. at 106 (citation omitted). However, courts have not "been willing to abrogate basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## 2. Analysis

### a. Trademark Infringement

Plaintiff asserts a trademark infringement claim under the Lanham Act, 15 U.S.C. §§ 1051–1127. To state this claim "under the Lanham Act, a plaintiff must allege facts establishing that: (1) it owns the registered trademark; (2) the defendant used the mark in commerce; and (3) the use was likely to cause confusion." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (citing 15 U.S.C. § 1114(1)). "The touchstone of liability under § 1114 is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Daddy's Junky Music Stores, Inc. v. Big Daddy's Fam. Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997). A common law trademark infringement claim tracks the federal standard and also requires proof of the likelihood of consumer confusion. 4 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 23:1.50 (5th ed. 2022).

The complaint alleges that Defendants' use of the trademark was "infringing and unauthorized."  DN 1, at PageID # 4.  This is a legal conclusion that the Court is not required to accept.  Plaintiff argues that the unregistered tradename or trademark at issue in this case should be protected under the Lanham Act.  Yet Plaintiff has failed to allege any facts that would satisfy the second and third elements of this cause of action.  There are no facts evident in the complaint which could lead to a conclusion that the defendants used the mark in commerce, or that the use of the alleged trademark or tradename was likely to cause consumer confusion as to the origin of goods.  The complaint does not plausibly state a claim for trademark infringement under federal law or common law.

Furthermore, the plaintiff's claims are preposterous.  In representing their client, the defendants referenced the party who sued their client as set out in the complaint.  There is nothing that is actionable against counsel for referring to the party who sued their client in responding to a complaint.

Defendants' motion to dismiss the trademark infringement claim will be granted with prejudice.

### b.  Remaining State Law Claim

Plaintiff refers to the "Self-executing Contract/Security Agreement in Event of Unauthorized Use" and appears to claim that damages are owed under the alleged contract.  DN 1, at PageID # 8.  However, Plaintiff fails to allege facts indicating the existence of a valid contract between the parties and fails to allege the elements of a breach of contract claim under Kentucky law.  *See Sudamax Industria e Comercio de Cigarros, Ltda v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D. Ky. 2007) (stating the elements of a breach of contraEl ct claim); *C.A.F. & Assocs., LLC v. Portage, Inc.*, 913 F. Supp. 2d 333, 342–43 (W.D. Ky. 2012) (discussing the valid

6

contract element).  Plaintiff has not stated a plausible claim for relief, and Defendants' motion to dismiss the remaining state law claim will be granted with prejudice as well.

## IV.  CONCLUSION

For the reasons discussed herein, Plaintiff's motion for default judgement will be denied and Defendants' motion to dismiss will be granted by separate order.

October 18, 2022

**Charles R. Simpson III, Senior Judge**
**United States District Court**